In re COLE & STEVENS ROOFING CO., INC., Debtor.

Marika TOLZ, Trustee, Plaintiff,

v.

BROTHERS TRUCK SALES, INC., Defendant.

Bankruptcy No. 91–21624–BKC–SMW.
Adv. No. 91–0909–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 26, 1991.

Jack F. Weins, Hollywood, Fla., for trustee.

Marika Tolz, Hollywood, Fla., trustee.

Robert J. Bogdanoff, Plantation, Fla., for defendant.

## MEMORANDUM DECISION AND ORDER

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came on for trial before the Court on November 20, 1991. The Court has heard the testimony presented, has examined the documents submitted in evidence, has observed the candor and demeanor of the witnesses, and has considered the argument presented by counsel for the parties. The Court makes the findings of fact and conclusions of law which are hereinafter set forth.

It should first be noted that the Defendant, BROTHERS TRUCK SALES, INC., (hereinafter referred to as BROTHERS), demanded a trial by jury. However, prior to the commencement of the case, counsel for BROTHERS announced in open court and on the record of the proceedings, that the demand for trial by jury was waived by BROTHERS.

COLE & STEVENS ROOFING CO., INC. (hereinafter referred to as the DEBTOR) filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Prior to the filing of the bankruptcy petition, the DEBTOR was engaged in the business of a roofing contractor. The Plaintiff, MARIKA TOLZ, (hereinafter referred to as TOLZ), is the Trustee in the Chapter 7 case.

The DEBTOR's assets consisted among other things, of machinery, fixtures, equipment, inventory, and seventeen motor vehicles including a 1980 Ford Tanker Truck

which is the subject of the dispute in this adversary case. TOLZ sought authorization from this Court to employ an auctioneer to conduct an auction sale of the DEBTOR's assets, including the truck in issue. Pursuant to an Order entered by this Court on June 27, 1991, the Trustee employed HARRY P. STAMPLER, INC., Auctioneer to conduct the auction sale. (See TOLZ Exhibit 1.) On July 3, 1991, TOLZ, through her counsel (whose employment had previously been authorized by this Court) served a Notice of Proposed Sale with respect to the DEBTOR's assets, including the truck which is the subject matter of the instant dispute. (See TOLZ Exhibit 2.) The Notice provided that an auction sale would be held on Saturday, July 27, 1991, at 11:00 o'clock a.m. at the business premises of the DEBTOR. It further provided that items to be sold would be available for inspection on the date of the sale commencing at 9:00 o'clock a.m. or could be inspected prior to the sale date by contacting the Trustee for a special appointment. The Notice then provided:

> "All items are to be sold *'as is'* for cash at the time of sale, unless other arrangements for payment are made with the Trustee. There shall be a ten percent (10%) buyer's premium payable to the auctioneer at the time of the sale." (Emphasis supplied.)

BROTHERS was a registered bidder at the auction sale. The auctioneer testified that each registered bidder received a bid package which included written terms and conditions of the auction sale. One of the written terms and conditions was that all items being sold were sold "as is", with all sales being final on the fall of the auctioneer's gavel. According to the auctioneer, the terms of the sale were also orally announced prior to the commencement of the sale. That all items were being sold "as is" was clearly understood by BROTHERS whose representative testified that it was in the business of buying and selling vehicles, that it had purchased vehicles at previous "as is" auction sales, that it knew the sale in this case was on an "as is" basis, and in fact representatives of BROTHERS had inspected the truck which is in issue in this case before bidding on it.

■ BROTHERS was the high bidder at the auction sale for the truck which is now in dispute with a bid of $11,000.00. This amount would be subject to the auctioneer's commission and applicable State of Florida sales tax. Florida Law provides that a sale by auction is complete when the auctioneer so announces by the fall of his gavel or in some other customary manner. Section 672.328(2), Florida Statutes (1989). It is the fall of the auctioneer's gavel which creates the binding contract between the seller and the high bidder and the high bidder cannot later withdraw his already accepted bid. See *Rohlfing v. Tomorrow Realty and Auction,* 528 So.2d 463 (Fla. 5th DCA 1988).

■ Subsequent to the acceptance of BROTHERS high bid for the truck in dispute, BROTHERS notified the auctioneer that the truck did not have a V.I.N. (Vehicle Identification Number) plate. A representative of BROTHERS testified that this notification to the auctioneer occurred the date of the auction sale shortly after BROTHERS high bid on the truck had been accepted. The auctioneer's representative testified that the notification concerning the missing VIN plate did not occur until the Monday following the auction. It is unnecessary for the Court to resolve this minor conflict in the testimony because in either event, the notification to the auctioneer of the missing VIN plate on the truck did not take place until after the fall of the auctioneer's gavel in an "as is" auction sale and thus the binding contract between TOLZ and BROTHERS had already been created.

The Court doubts that once the binding contract between TOLZ and BROTHERS had been created, that TOLZ had any obligation whatsoever to have the missing VIN plate on the truck replaced. However, it is unnecessary to decide that issue. But, the Court does note that from the testimony presented, whether she had a legal obligation to do so or not, TOLZ and her representatives actually did undertake to have a replacement VIN plate issued by the Flor-

ida Department of Motor Vehicles and affixed to the truck in question.

 Obviously this dispute is before the Court because BROTHERS refused to pay its bid price (plus the auctioneer's commission and applicable State of Florida sales tax) subsequent to the auction sale. TOLZ has sued BROTHERS to require it to specifically perform, that is to require it to make payment of the bid price (plus the auctioneer's commission and applicable State of Florida sales tax) and take possession of the truck in issue, namely a 1980 Ford Tanker Truck Vehicle Identification Number U91WVHA6985. A high bidder who refuses to consummate a purchase at auction may be subject to specific performance. See *In re Governor's Island*, 45 B.R. 247 (Bkrtcy.E.D.N.C.1984) and *Frazier v. Ash*, 234 F.2d 320 (5th Cir.1956). The Court finds that TOLZ is entitled to the relief sought in her Adversary Complaint and that the Defendant's Counterclaim should be dismissed.

 One further matter should be addressed by this Court and that is the defense asserted by BROTHERS that this is a non-core proceeding and thus this Court cannot enter a Final Order or Judgment. 28 U.S.C. § 157(b)(2) provides:

"Core proceedings include, but are not limited to—

(A) Matters concerning the administration of the estate;

(O) Other proceedings affecting the liquidation of the assets of the estate ..."

Nothing can be more fundamental to the administration of a Chapter 7 liquidation case than liquidation of the DEBTOR's assets by the Chapter 7 Trustee. It is quite clear to this Court that the conduct of an auction sale by a Chapter 7 Trustee, in this case TOLZ, through the auctioneer whom she employed with authorization of this Court, after appropriate notice as required under the Bankruptcy Code and Rules, is a core proceeding relating to the administration of the Chapter 7 estate and the liquidation of the estate's assets. The Court finds this proceeding to be core.

Based upon the foregoing findings of fact and conclusions of law, the Court orders and directs BROTHERS to specifically perform its contract with TOLZ. Within ten (10) days from the date of the entry of this Memorandum Decision and Opinion, BROTHERS shall pay to TOLZ the sum of its bid, namely $11,000.00, plus the auctioneer's commission and applicable State of Florida sales tax, and take possession of the subject truck. Should it fail to do so, a Final Judgment for the relief sought by TOLZ shall be entered by this Court without the necessity of further hearing upon the filing of an affidavit by TOLZ or her counsel confirming the failure of BROTHERS to specifically perform its contract with TOLZ. Costs in the amount of $120.00 representing the Clerk's filing fee for this adversary proceeding are taxed in favor of TOLZ and against BROTHERS.

DONE AND ORDERED.